IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-154-BO
5:10-CV-454-BO

| | |
|---|---|
| Adarryl Cooper, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate under § 2255 and Respondent's Motion to Dismiss. Petitioner's Motion is DISMISSED and Respondent's Motion is GRANTED.

## FACTS

On May 21, 2009, Petitioner was indicted on six-counts related to the sale of cocaine. On June 16, 2009, the United States filed a Notice of Intent to Seek Enhanced Penalty Pursuant to 21 U.S.C. § 851. On August 5, 2009, Petitioner plead guilty pursuant to a plea agreement to one charge of possession with the intent to distribute more than fifty (50) grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). (D.E. # 23). The Plea Agreement included a Wiggins Waiver. See United States v. Wiggins, 905 F.2d 51 (4th Cir. 1990).

On October 2, 2009, the United States Probation Office submitted a Pre-Sentence Report ("PSR") for Petitioner that identified two prior felony cocaine possession convictions that Petitioner had pled guilty to in North Carolina state court. (D.E. # 30). On November 19, 2009,

the Court sentenced Petitioner to, among other things, 240 months imprisonment. Petitioner failed to file an appeal of his conviction and sentence.

Petitioner filed this instant motion on October 21, 2010 claiming ineffective assistance of counsel. Petition alleges his attorney 1) failed to properly explain the plea agreement, as the attorney did not inform Petitioner that his prior convictions would require a 20-year mandatory minimum and 2) failed to object to the § 851 enhancement, as his prior convictions were only misdemeanors and § 851 was thus inapplicable.

## DISCUSSION

The Court finds that Petitioner fails to state a claim for ineffective counsel and the Petitioner's § 2255 motion is dismissed.[1]

To prevail on an ineffective assistance claim, a petitioner must satisfy the dual standard of Strickland v. Washington, 466 U.S. 668 (1984). First, he must show that his counsel's efforts fell below an objective standard of reasonableness. Id. at 687-91. Second, a petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Here, the Petitioner has failed to carry this burden.

### Claim that Counsel Failed to Explain Plea Agreement

Petitioner argues that his counsel did not explain that Petitioner was facing a 20-year mandatory minimum sentence. The Court finds this argument unpersuasive.

Paragraph 3(a)(5) of the Plea Agreement states: "Minimum term of imprisonment: 20 years (Based upon the penalty enhancement notice provisions of 21 U.S.C. § 851)." (D.E. # 23 at 4). Petitioner signed this agreement and it was outlined in his Rule 11 hearing. Thus even if the

---

[1] Respondent argues that Petitioner's claim is actually an attack on his sentence that is barred by his Wiggins Waiver. The Court assumes but does not decide that Petitioner's claim is allowed by his Wiggins Waiver.

2
Case 5:09-cr-00154-BO   Document 41   Filed 01/25/11   Page 2 of 4

Court believes that Petitioner's Counsel failed to inform Petitioner of his mandatory minimum, Petitioner could not have been prejudiced by this omission.

## Claim that Counsel Failed to Object to § 851 Enhancement

The Petitioner also claims that his attorney should have objected to his § 851 enhancement because his prior drug offenses were only misdemeanors, and not felonies. The Court also finds this argument unpersuasive.

Petitioner argues his two prior convictions for felony possession of cocaine were only misdemeanors because his guideline range was only 6-8 months. A felony however, is any offense that <u>can</u> be punished for more than a year; it is irrelevant what Petitioner's guideline range was or what Petitioner was actually sentenced to. Thus the § 851 enhancement was properly applied, and his attorney could not have successfully objected to it.

## CONCLUSION

Petitioner has failed to state a claim for ineffective counsel. His § 2255 Motion is DISMISSED and Respondent's Motion is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack</u> v. <u>McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose</u> v. <u>Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this ____ day of January, 2011.

                                                      TERRENCE W. BOYLE
                                                      UNITED STATES DISTRICT JUDGE