IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:09-CR-154-1BO
No: 5:12-CV-694-BO

| | |
|---|---|
| ADARRYL COOPER,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>)<br>) |

    This cause is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 57]. Petitioner alleges, and the government agrees, that pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) petitioner's sentence resulting from a 21 U.S.C. § 851 Information was improper. On December 14, 2012, a hearing on petitioner's motion was held in Raleigh, North Carolina before the undersigned. For the reasons stated herein, the motion [DE 57] is **GRANTED** and defendant's sentence is hereby **MODIFIED**.

    Petitioner originally filed a § 2255 motion with this Court on October 21, 2010. Subsequently, petitioner filed a motion to reduce his sentence based on retroactive application of the lowered sentencing guidelines for crack cocaine offenses. Petitioner was denied relief on both of those motions. However, at a motion hearing on August 29, 2012 Cooper questioned the validity of his § 851 Information under the Fourth Circuit's recent decision in *Simmons*. At that time, the government agreed that it would not oppose petitioner's filing of a new § 2255 motion challenging his sentence on those grounds. Although the Court is typically precluded from considering a second § 2255 motion, such a motion may be converted into a 28 U.S.C. § 2241 petition for relief in appropriate circumstances. *See United States v. Pararas-Carayannis*, 238

F.3d 432, 2000 WL 1350583 (9th Cir. 2000) (unpublished). The government agrees that the instant motion should be treated as seeking relief under § 2241. Further, the government has waived any objection to improper venue in this matter. As such and in light of the Fourth Circuit's opinion in *Simmons*, the Court treats petitioner's motion as seeking relief under § 2241 and grants petitioner's motion.

For the foregoing reasons, Defendant's total term of imprisonment is now **REDUCED** to eighty-four (84) months and his term of supervised release is **REDUCED** to a term of four (4) years. Defendant is granted credit for time already served against his sentence. All other terms and conditions of the Court's judgment of November 19, 2009, shall remain in full force and effect.

DONE AND ORDERED, this 19 day of December, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE